UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


STANLEY PRICE

               Plaintiff,[1]                 CIVIL ACTION NO. 08-14518

        v.                       DISTRICT JUDGE GEORGE CARAM STEEH

STATE TREASURER, MICHAEL A.     MAGISTRATE JUDGE VIRGINIA M. MORGAN
COX, JUANDISHA HARRIS, CITY
OF DETROIT OFFICE OF THE
RETIREMENT SYSTEM,

             Defendants.

_____/


## REPORT AND RECOMMENDATION

### I. Introduction

      This is a *pro se* action in which the plaintiff, an inmate in the custody of the Michigan

Department of Corrections (MDOC), alleges that defendants have unlawfully frozen plaintiff's

pecuniary assets.  The matter comes before the Court on defendants Cox and Harris' Motion to

Dismiss or for Summary Judgment (D/E #6).  Plaintiff filed a response in opposition to

---

[1]This Court would note that, while plaintiff's complaint is only signed by plaintiff, it also purports to be on behalf of plaintiff's wife, Jessie Salim, and it describes her as the second plaintiff.  However, the United States Supreme Court's principles on standing impose a "general prohibition on a litigant's raising another person's legal rights."  Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984).  Given the lack of filings by Salim, this Report and Recommendation will not treat her as a plaintiff.  Upon the district judge's acceptance of this Report, it is further recommended that the Clerk be ordered to correct the docket and remove Ms. Salim as a plaintiff.

defendants' motion (D/E #6).  For the reasons discussed below, this Court recommends that defendants Cox and Harris' motion be **GRANTED** and that the District Court either abstain from exercising jurisdiction over this matter pursuant to the <u>Colorado River</u> doctrine[2] or dismiss the claims against defendants Cox and Harris on the basis of their immunity under the Eleventh Amendment to the United States Constitution.

## II. Background

### A. Facts

According to both plaintiff's complaint and defendants' motion, plaintiff is an inmate in the custody of the MDOC.  On or about September 5, 2008, in Ingham County Circuit Court, defendant State Treasurer filed a complaint against plaintiff and the City of Detroit pursuant to the State Correctional Facility Reimbursement Act (SCFRA), M.C.L. § 800.401 *et seq*.  In that complaint, defendant State Treasurer sought 90 percent of any pension benefits plaintiff would receive from the City of Detroit as reimbursement for the costs of plaintiff's current and future incarceration.  (Complaint in Ingham County Circuit Court, attached as Exhibit 1 to Defendants' Motion)  The attorneys of record for defendant State Treasurer in that state court action are defendants Cox and Harris.  (Complaint in Ingham County Circuit Court, attached as Exhibit 1 to Defendants' Motion)

On September 8, 2008, summons were issued to plaintiff and defendant City of Detroit Office of Retirement Systems in the state court action.  (Summons in Ingham County Circuit

_____

[2]<u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

Court, attached as Exhibit 3 to Defendants' Motion)  On September 10, 2008, the Ingham

County Circuit Court entered an Ex Parte Order to Show Cause and Order Appointing a

Receiver, and it also scheduled a show cause hearing for October 1, 2008.  (Ex Parte Order in

Ingham County Circuit Court, attached as Exhibit 5 to Defendants' Motion)  The hearing was

later re-noticed for November 12, 2008.  (Re-Notice of Hearing in Ingham County Circuit Court,

attached as Exhibit 6 to Defendants' Motion)  Plaintiff subsequently filed an objection to the

complaint in which he argued that the action should be dismissed because he was still in the

process of appealing the underlying conviction.  (Plaintiff's Objection in Ingham County Circuit

Court, attached as Exhibit 7 to Defendants' Motion)  On November 7, 2008, the matter was

adjourned until December 3, 2008.  (Notice of Hearing in Ingham County Circuit Court, attached

as Exhibit 8 to Defendants' Motion)  The current status of the state court action is unknown.

### B. Procedural History

On October 10, 2008, plaintiff filed the complaint against defendants in this matter (D/E

#1).  In that complaint, plaintiff, an inmate in the custody of the Michigan Department of

Corrections (MDOC), alleges that he has pecuniary assets within the City of Detroit Office of

Retirement Systems, and that his wife is unable to retrieve those assets from defendant City of

Detroit Office of Retirement Systems because defendants Cox and Harris had plaintiff's account

frozen.  Plaintiff also alleged that defendants Cox and Harris have been pursuing another matter

in state court against plaintiff and that they have "prolonged those proceedings."  As relief,

plaintiff seeks a jury trial on defendants' actions, an injunction against defendant City of Detroit

Office of Retirement Systems, and $30,000,000,000.00 in damages.

On November 3, 2008, plaintiff filed an Addendum to his Complaint (D/E #3).  In that

addendum, plaintiff purports to be presenting facts and arguments pursuant to 42 U.S.C. § 1983

and the Fifth and Fourteenth Amendments to the United States Constitution.  According to

plaintiff, this action arose when Eric Matwiejczyz, a prosecuting attorney later dismissed for

misconduct, pursued a wrongful conviction of plaintiff.  Plaintiff also alleges that, following that

wrongful conviction, defendants then unlawfully received a court order barring release of any of

plaintiff's pecuniary assets without the permission of the court.  As relief, plaintiff seeks a stay

of the state court proceedings regarding his assets and a new criminal trial.

On November 19, 2008, defendants Cox and Harris filed a Motion to Dismiss or for

Summary Judgment (D/E #6).  In that motion, Cox and Harris argue that plaintiff's complaint is

not ripe, that the court should abstain from exercising jurisdiction under the <u>Colorado River</u>

doctrine, that the Eleventh Amendment to the United States Constitution bars plaintiff's claims

against defendants in their official capacities, and that defendants are entitled to qualified

immunity.

On December 3, 2008, plaintiff filed a Response to Defendants Cox and Harris' Motion

(D/E #9).  In that response, plaintiff reiterates his earlier allegations of misconduct on the part of

Cox and Harris.

### III. Standards of Review

#### A. Dismissal

Defendants Cox and Harris move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Fed. R.

Civ. P. 12(b)(6) permits a district court to dismiss a plaintiff's complaint for "failure to state a

claim upon which relief can be granted."  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), the Supreme Court stated that in order to survive a Rule 12(b)(6) motion, the nonmoving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level."  Weeks later, the Supreme Court cited Twombly in support of the well-established principle that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting Twombly, 127 S.Ct. at 1964). While courts in and out of the Sixth Circuit have identified uncertainty regarding the scope of Twombly and have indicated that its holding is likely limited to expensive, complicated litigation like that considered in Twombley, the Sixth Circuit reads "the Twombly and Erickson decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim."  Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295-96 (6th Cir. 2008).  See also Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009).  In ruling on a motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.  Gunasekeara, 551 F.3d at 466 (citing Hill v. Blue Cross & Blue Shield of Mich., 409 F.3d 710, 716 (6th Cir. 2005); Erickson, 127 S.Ct. at 2200.

**B. Summary Judgment**

Defendants Cox and Harris also seek summary judgment pursuant to Fed. R. Civ. Pro. 56.  That rule states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. P. 56(b).  Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant.  See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial."  Matsushita, 475 U.S. at 587, 106 S.Ct. 1348.  The opposing party cannot merely rest upon the allegations contained in his pleadings.  Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587, 106 S.Ct. 1348

-6-

(quoting <u>First National Bank of Arizona v. Cities Service Co.</u>, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

## IV. Discussion

As a preliminary matter, this Court would note that it will not be addressing plaintiff's allegations regarding the alleged misconduct in the prosecution of his criminal trial or plaintiff's request for a new trial with respect to his criminal conviction.  Plaintiff identifies his action as a § 1983 action and the United States Supreme Court has held that a plaintiff can not bring a § 1983 action if a favorable judgment "would necessarily imply the invalidity of his conviction or sentence; if [so], the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated" by executive order, reversal on direct appeal, or writ of habeas corpus.  <u>Heck v. Humphrey</u>, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  The <u>Heck</u> bar exists because the Court's respect for "finality and consistency" precludes a prisoner's use of § 1983 to collaterally attack an outstanding conviction.  <u>Heck</u>, 512 U.S. at 486.

As discussed above, defendants Cox and Harris argue that plaintiff's complaint is not ripe, that the court should abstain from exercising jurisdiction under the <u>Colorado River</u> doctrine, that the Eleventh Amendment to the United States Constitution bars plaintiff's claims against defendants in their official capacities, and that defendants are entitled to qualified immunity.

### A. Ripeness

The Supreme Court has stated that the "basic rationale" of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract

disagreements."  <u>Abbott Laboratories v. Gardner</u>, 387 U.S. 136, 148 (1967).  This Sixth Circuit

has set out three factors that are central to the ripeness inquiry:

> Ripeness requires us to weigh several factors in deciding whether
> to address the issues presented for review.  First, we examine the
> likelihood that the harm alleged by the plaintiffs will ever come to
> pass.  Second, we consider whether the factual record is
> sufficiently developed to produce a fair adjudication of the merits
> of the parties' respective claims.  Finally, we must assess the
> hardship to the parties if judicial relief is denied at this stage in the
> proceedings.  [<u>Adult Video Ass'n v. United States Dep't of Justice</u>,
> 71 F.3d 563, 568 (6th Cir. 1995) (quotation marks and citations
> omitted).]

The first factor reflects the fact that "[r]ipeness, while often spoken of as a justiciability doctrine

distinct from standing, in fact shares the constitutional requirement of standing that an injury in

fact be certainly impending."  <u>Nat'l Treasury Employees Union v. United States</u>, 101 F.3d 1423,

1427 (D.C. Cir.1996).  The last two considerations, on the other hand, reflect the "prudential

aspect of ripeness."  <u>Nat'l Treasury Employees Union</u>, 101 F.3d at 1427-28.  As noted by the

Sixth Circuit, the ripeness inquiry includes considerations that require "that the court exercise its

discretion to determine if judicial resolution would be desirable under all of the circumstances."

<u>Brown v. Ferro Corp.</u>, 763 F.2d 798, 801 (6th Cir. 1985).

      In this case, an analysis of the above factors compels the conclusion that plaintiff's claim

is ripe.  In determining the "likelihood" that an injury will come to pass, the Supreme Court has

made clear that "[o]ne does not have to await consummation of threatened injury to obtain

preventive relief" <u>Blum v. Yaretsky</u>, 457 U.S. 991, 1000 (1982), but to satisfy constitutional

requirements, a threatened injury must be sufficiently "imminent."  <u>Nat'l Treasury</u>, 101 F.3d at

-8-

1428.  Moreover, although not requiring "inevitability," the Sixth Circuit has held that a claim is ripe when it is "highly probable" that the alleged harm or injury will occur.  See Kardules v. City of Columbus, 95 F.3d 1335, 1344 (6th Cir. 1996).  In any event, in this case the harm has already occurred as plaintiff is currently being denied access to his funds.  While, as defendants note, plaintiff may eventually prevail in state court, the Supreme Court has declared that "ripeness is peculiarly a question of timing," and thus, where a "change in circumstance has substantially altered the posture of the case as regards the maturity of [plaintiff's claims,] ... it is the situation now rather than the situation at the time of the District Court's decision that must govern." Blanchette v. Connecticut General Ins. Corporations, 419 U.S. 102, 139-140, 95 S.Ct. 335, 356 (1974).  Plaintiff is currently suffering an injury in fact and, additionally, the factual record is sufficiently developed to produce a fair adjudication of the merits of the parties' respective claims.  In light of those factors, plaintiff's claim is ripe.[3]

**B. Colorado River Doctrine**

Defendants Cox and Harris also argue that dismissal is warranted under the Colorado River doctrine.  Under that doctrine, a federal court may abstain from deciding a federal court action in deference to a pending state proceeding in certain extraordinary circumstances.  See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).  Colorado River abstention is a doctrine of judicial economy which derives from principles of "[w]ise judicial administration, giving regard to conservation of judicial

---

[3]To the extent defendants argue that they would suffer immediate prejudice if required to expend resources to defend this suit, this Court finds that defendants' argument goes to why the Court should abstain from exercising jurisdiction rather than to ripeness.

resources and comprehensive disposition of litigation." Colorado River, 424 U.S. at 817

(citations omitted). Its purpose is "to avoid duplicative litigation." Colorado River, 424 U.S. at

817. Colorado River abstention, therefore, is akin to a first-to-file rule for actions that are first

filed in state court and then filed in federal court. Colorado River, 424 U.S. at 817-818.

However, although the doctrine exists, the Supreme Court has cautioned federal courts that they

should abstain only in the face of concurrent state proceedings in exceptional cases due to the

"virtually unflagging obligation of the federal courts to exercise the jurisdiction given them."

Colorado River, 424 U.S. at 817. Therefore, federal courts should abstain only in exceptional

circumstances after considering several factors and not just whether the state court action was

filed first. Colorado River, 424 U.S. at 817.

Before considering the Colorado River abstention factors, the Court must first determine

whether the state and federal actions in question are parallel actions. The two proceedings need

only be "'substantially similar,'" and not exactly parallel. Romine v. Compuserve Corp., 160

F.3d 337, 340 (6th Cir.1998) (quoting Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir.

1989)). In this case, plaintiff seeks injunctive relief and damages relating to defendants' attempt

to seize plaintiff's pecuniary assets within the City of Detroit Office of Retirement Systems. In

the state case, defendant State Treasurer seeks 90 percent of any pension benefits plaintiff would

receive from the City of Detroit as reimbursement for the costs of plaintiff's current and future

incarceration. All of the claims are substantially similar because they all stem from whether the

state of Michigan has a right to a percentage of plaintiff assets within the City of Detroit Office

of Retirement Systems. Therefore, the state court case is parallel to the case *sub judice*.

-10-

Having found that the state action is a parallel proceeding to the lawsuit filed here, the Court turns now to an analysis of the relevant factors. In <u>Colorado River</u>, the Supreme Court declared that, in deciding whether to defer to the concurrent jurisdiction of a state court, a district court must consider such factors as (1) whether the state court has assumed jurisdiction over any *res* or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained. See <u>Colorado River</u>, 424 U.S. at 818-19; <u>Romine v. Compuserve Corp.</u>, 160 F.3d 337, 340-341 (6th Cir. 1998). In subsequent cases, the Supreme Court has identified at least four additional factors to be weighed in the balance. These include: (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. <u>See</u> <u>Romine</u>, 160 F.3d at 341 (describing cases). However, those factors do not comprise a mechanical checklist and, instead, require "a careful balancing of the important factors as they apply in a give case" depending on the particular facts at hand. <u>Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.</u>, 460 U.S. 1, 15-16, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

With respect to the first factor, the Michigan state court has already assumed jurisdiction over plaintiff's assets and, therefore, that factor weighs in favor of abstention. Regarding the second factor, the federal forum in Detroit does not appear any more or less convenient to the parties than the Ingham County Circuit Court and neither side addresses this factor.

The third factor requires the Court to consider whether hearing this case will create piecemeal litigation. <u>Romine</u>, 160 at 341. "Piecemeal litigation occurs when different courts

adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results."  Romine, 160 F.3d at 341 (citing LaDuke v. Burlington Northern R.R. Co., 879 F.2d 1556, 1560 (7th Cir.1989)).  Moreover:

> When a case proceeds on parallel tracks in state and federal court, the threat to efficient adjudication is self-evident.  But judicial economy is not the only value that is placed in jeopardy.  The legitimacy of the court system in the eyes of the public and fairness to the individual litigants also are endangered by duplicative suits that are the product of gamemanship or that result in conflicting adjudications. [Romine, 160 F.3d at 341 (quoting Lumen Constr., Inc. v. Brant Constr. Co., 780 F.2d 691, 694 (7th Cir. 1985).]

Here, failure to abstain will result in piecemeal litigation with the result potentially being inconsistent verdicts regarding who has the right to the assets.

Fourth, defendant State Treasurer brought the state action first on or about September 5, 2008, while plaintiff did not commence his federal action until October 10, 2008.  With respect to the fifth factor, the source of governing law in this case is state law, but plaintiff is also appears to argue that the SCFRA violates his constitutional rights.

The sixth and seventh factors weigh against abstention because the state court action can adequately protect plaintiff's rights and because the state court action has progressed farther than this action.  Finally, with respect to the eighth factor, while the Michigan state court has jurisdiction over defendants' SCFRA claim, the federal court has jurisdiction over plaintiff's § 1983 claims.

Considering all of these factors together and the weight in favor of maintaining jurisdiction, Cone, 460 U.S. at 16, 103 S.Ct. 927, the Court finds that Colorado River abstention

-12-

applies in this case.  The Michigan state court obtained jurisdiction before this Court, and it case

has progressed farther.  Moreover, there is a large risk of piecemeal litigation should this Court

exercise jurisdiction and exercising jurisdiction appears to be unnecessary as the state court is

capable of hearing plaintiff's constitutional arguments and protecting plaintiff's rights.

### C. Eleventh Amendment Immunity

Defendants Cox and Harris argue that they are being sued in their official capacities and

that the federal courts do not have jurisdiction over such claims.  Plaintiff does not state in his

complaint what capacity he is suing defendants Cox and Harris in and, consequently, this Court

will presume that those defendants are being sued in their official capacity only.  See Wells v.

Brown, 891 F.2d 591, 592 (6th Cir. 1989) (requiring that plaintiffs seeking damages under §

1983 set forth clearly in their pleading that they are suing the state defendants in their individual

capacity for damages, not simply in their capacity as state officials).  See also Hampton v.

Marion, No. 03-2077, 98 Fed.Appx. 410, 412 (6th Cir. April 29, 2004) (finding that, where the

plaintiff did not specify the capacity in which he sued some defendants, those defendants were

presumptively sued in their official capacity).

As argued by defendants Cox and Harris, the Eleventh Amendment bars plaintiff's claims

against them to the extent they are sued in their official capacities.

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to
> extend to any suit in law or equity, commenced or prosecuted
> against one of the United States by Citizens of another state, or by
> Citizens or subjects of any foreign State. [U.S. Const. amend. XI.]

-13-

Courts have construed that language broadly and the Eleventh Amendment generally bars suits in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Skinner v. Govorchin, 463 F.3d 518, 524 (6th Cir. 2006).[4]  "Whether a suit against State officials in their official capacity is deemed to be against the State depends on whether the plaintiff seeks 'retroactive' or 'prospective' relief'."  Doe, 21 F.3d at 736.  Retroactive relief compensates a plaintiff for a past violation of his legal rights and, while retroactive relief usually takes the form of money damages, that is not necessarily the case.  See Cory v. White, 457 U.S. 85, 90 n. 2, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982); Doe, 21 F.3d at 736-737.  Where an official capacity claim is for retroactive relief, the action is deemed to be against the State whose officers are the nominal defendants.  Doe, 21 F.3d at 737.

In this case, while plaintiff seeks some injunctive relief, he also seeks redress for a past violation of his legal rights, in the form of his request for $30,000,000,000.00 in damages, and, therefore, the suit is deemed to be against Michigan itself.  Doe, 21 F.3d at 737.  The State of

---

[4]As discussed by the Sixth Circuit in Ernst v. Rising, 427 F.3d 351, 358-359 (6th Cir. 2005), a State's immunity comes with a host of exceptions; the immunity does not attach if the lawsuit is not against the State or an arm of the State, the immunity does not extend to counties and similar municipal corporations, the immunity does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law, the immunity may be abrogated by Congress when exercising its enforcement authority under the Fourteenth Amendment, and the immunity does not apply when the federal government brings the lawsuit.  Additionally, a State may elect to waive that immunity through legislation through its conduct in litigation.  Ernst, 427 F.3d at 358.  None of these exceptions are applicable in this case.

-14-

Michigan, however, has not consented to civil rights suits in federal court.  See <u>Johnson v. Dellatifa</u>, 357 F.3d 539, 545 (6th Cir. 2004); <u>Abick v. Michigan</u>, 803 F.2d 874, 877 (6th Cir. 1986); <u>see</u> <u>also</u> <u>Hill v. Michigan</u>, 62 Fed. Appx. 114, 115 (6th Cir. 2003).  Therefore, plaintiff's claims against Cox and Harris are barred by the Eleventh Amendment.

### **D. Qualified Immunity**

To extent plaintiff's claims are against them in their individual capacities, defendants Cox and Harris also argue that they were state officials performing a discretionary functions when they brought the state action against plaintiff and that government employees performing discretionary functions are accorded qualified immunity from suit under 42 U.S.C. § 1983 where their alleged conduct does not otherwise violate a clearly established constitutional right.

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation."  <u>Saucier v. Katz</u>, 533 U.S. 194, 200; 121 S.Ct. 2151; 150 L.Ed.2d 272 (2001) *overruled in part by* <u>Pearson v. Callahan</u>, __ U.S. __, 129 S.Ct. 808, __ L.Ed.2d __ (2009), (quoting <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)).  The privilege is an immunity from suit and not a mere defense to liability.  <u>Saucier</u>, 533 U.S. at 200. As a result, courts have "repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation."  <u>Hunter v. Bryant</u>, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam).

"A court should not grant summary judgment on the issue of qualified immunity if there exists a genuine issue of material fact, 'involving an issue on which the question of immunity turns, such that it cannot be determined before trial whether the defendant did acts that violate

-15-

clearly established rights.'" Flint ex rel. Flint v. Kentucky Dept. of Corrections, 270 F.3d 340, 346-347 (6th Cir. 2001), quoting Poe v. Haydon, 853 F.2d 418, 425-426 (6th Cir. 1988). A court required to rule upon the qualified immunity issue must consider whether the facts alleged show the officer's conduct violated a constitutional right and whether that constitutional right was clearly established. Saucier, 533 U.S. at 201. In making those inquiries, courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson, 129 S.Ct. at 818. "This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition; and it too serves to advance understanding of the law and to allow officers to avoid the burden of trial if qualified immunity is applicable." Saucier, 533 U.S. at 201.

In this case, even assuming *arguendo* that a genuine issue of material fact exists with respect to whether defendants violated plaintiff's constitutional rights, defendants Cox and Harris would still be entitled to qualified immunity because the right was not clearly established. "When considering a claim of qualified immunity, '[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" King v. Ambs, 519 F.3d 607, 612 (6th Cir. 2008) (quoting Saucier, 533 U.S. at 202, 121 S.Ct. 2151.). Moreover, as discussed above, "[t]his inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition; and it too serves to advance

-16-

understanding of the law and to allow officers to avoid the burden of trial if qualified immunity

is applicable."  Saucier, 533 U.S. at 201.

The state court action was initiated pursuant to the SCFRA, M.C.L. § 800.401 *et seq*.  As

described by the Sixth Circuit:

> Michigan enacted SCFRA to reimburse the state for the costs of
> detaining and providing for its prisoners.  Under SCFRA, the
> attorney general may seek reimbursement for expenses incurred
> during a prisoner's incarceration by filing a complaint against the
> prisoner in the state trial court. Mich. Comp. Laws § 800.404(1).
> The court, after considering any legal or moral obligations of the
> prisoner to support any dependents, may order the prisoner to
> reimburse the state for the costs of incarceration in an amount up
> to 90% of the prisoner's assets.  A prisoner's assets include his
> pension benefits. [DaimlerChrysler Corp. v. Cox, 447 F.3d 967,
> 969 (6th Cir. 2006) (citations omitted).]

The plaintiff has the burden of showing that a right is clearly established.  Barrett v.

Steubenville City Sch., 388 F.3d 967, 970 (6th Cir.2004).  In this case, plaintiff's response to

defendants Cox and Harris' motion does not make any attempt to demonstrate the violation of a

clearly established right.  Moreover, this Court would note that plaintiff's complaint and

response do not even identify what specific constitutional rights he alleges are being violated.

Neither the United States District Court for the Eastern District of Michigan, the Sixth Circuit, or

the United States Supreme Court have addressed the SCFRA in any great detail and there is

nothing in the case law to suggest that defendants Cox and Harris' actions pursuant to that

-17-

statute were an unconstitutional violation of plaintiff's clearly established rights.[5]  Consequently, defendants Cox and Harris would be entitled to qualified immunity.

**V. Conclusion**

For the reasons discussed above, the Court recommends that defendants Cox and Harris' motion be **GRANTED** and that the District Court either abstain from exercising jurisdiction over this matter pursuant to the <u>Colorado River</u>[6] doctrine or dismiss the claims against defendants Cox and Harris on the basis of their immunity under the Eleventh Amendment to the United States Constitution.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508 (6th Cir. 1991); <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987).

---

[5]The Michigan Court of Appeals has held that M.C.L. § 800.404 is not unconstitutionally vague or otherwise void.  <u>State Treasurer on Behalf of Dept. of Corrections v. Wilson</u>, 150 Mich.App. 78, 82 (Mich. App. 1986).

[6]<u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

-18-

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: March 11, 2009

---

## PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on March 11, 2009.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan